UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| *In re* | Case No. 12-21220-TLM |
| PHILIP L. HART, | Chapter 13 |
| Debtor. | ORDER DISMISSING BANKRUPTCY CASE |

This case comes before the Court on motions to dismiss by the Chapter 13 Trustee (Dkt. Nos. 29, 59) and creditor the United States of America, for the Internal Revenue Service (Dkt. No. 55), as well as issues raised by the Court in its Memorandum Decision of November 23, 2012 (Dkt. No. 46). The question is whether the debtor, Philip Hart, is eligible for Chapter 13 relief. For the following reasons, the Court finds that he is not and dismisses the bankruptcy case.

Section 109(e) of the Bankruptcy Code limits Chapter 13 debtors to $360,475 in unsecured, liquidated, noncontingent debt. On his Schedule F, Hart listed federal income tax debts to the United States of more than $567,000. (Sched. F (ECF No. 40).) He indicated that the tax debts were unliquidated. (*Id.*) However, Hart has explained that he believes that the debts are unliquidated because he disputes the results of the Internal Revenue Service's examination of his tax returns. (*See* Declaration (Dkt. No. 25); Response (Dkt. No. 62).) The fact that a

Order Dismissing Bankruptcy Case
Page 1 of 3

claim is disputed does not make it unliquidated. As the Court explained in its previous decision in this case, "Ninth Circuit case law has established that a debt is liquidated if the amount of the debt is 'ascertainable with certainty,' regardless of whether the debtor concedes liability for that debt." (Mem. Dec. 9 (Dkt. No. 46).)[1] The amount the IRS claims Hart to owe is ascertainable with certainty, and was calculated precisely in the IRS's Proof of Claim. (Claim No. 2.) The IRS's claim is liquidated, though disputed, and counts toward Hart's limit of unsecured debt under § 109(e). Together with his other debts, including his state tax debts (*see* Claim No. 3), the debtor is over § 109(e) unsecured debt limit. Therefore, cause exists to dismiss or convert this bankruptcy.

The Court further finds that dismissal, rather than conversion, is in the best interests of creditors and the estate. The United States has filed a secured claim claiming an interest in all of Hart's real and personal property. (*See* Claim No. 2.) As a result of that secured claim, it does not appear that substantial assets would exist for distribution to other creditors. The United States has requested dismissal (Doc. No. 55) and the Chapter 13 Trustee has requested dismissal, or conversion in the alternative (Doc. No. 61). Accordingly, the case will be dismissed.

Now, therefore, it is hereby ORDERED:

(1)  The United States' Motion to Dismiss (Doc. No. 55) is GRANTED;

(2)  The Chapter 13 Trustee's Amended Motion to Dismiss (Doc. No. 59) is

---

[1] The Court's Memorandum Decision is incorporated herein in its entirety.

  GRANTED; and

(3) This bankruptcy case is DISMISSED.

**IT IS SO ORDERED.**

//end of text//

  DATED:  January 2, 2013



           TERRY L. MYERS
           CHIEF U. S. BANKRUPTCY JUDGE

Respectfully presented by:

| | |
|---|---|
| KATHRYN KENEALLY | Assistant United States Attorney |
| Assistant Attorney General | District of Idaho |
| U.S. Dep't of Justice, Tax Division | 800 Park Boulevard, Suite 600 |
| | Boise, Idaho 83712-9903 |
| /s/ Adam Strait | *Of Counsel* |
| ADAM D. STRAIT | |
| Mass. BBO No. 670484 | Attorneys for the United States |
| Trial Attorney, Tax Division | |
| U.S. Department of Justice | |
| P.O. Box 683, Ben Franklin Station | |
| Washington, D.C.  20044-0683 | |
| Telephone: (202) 307-2135 | |
| Facsimile: (202) 307-0054 | |
| adam.d.strait@usdoj.gov | |

WENDY J. OLSON
United States Attorney
District of Idaho

WARREN DERBIDGE

Approved as to form:

/s/ Brant L. Stevens [signed on original]
BRANT L. STEVENS
Attorney at Law
ISBA No. 7398
902 N. Monroe St.
Spokane, WA 99201
Telephone: (509) 325-3999
brantstevens2010@gmail.com

Attorney for Debtor Philip Lewis Hart